## No. 13,519.

RETAIL HARDWARE MUTUAL FIRE INSURANCE COMPANY ET AL. *v.* SECURITIES CORPORATION.

(51 P. [2d] 598)

Decided October 14, 1935. Rehearing denied November 25, 1935.

Mr. S. M. TRUE, Mr. HERBERT W. HIRSCH, for plaintiffs in error.

Mr. IRA C. ROTHGERBER, Mr. WALTER M. APPEL, for defendant in error.

*In Department.*

Mr. Justice Bouck delivered the opinion of the court.

The plaintiffs in error are three foreign insurance corporations against which judgment was rendered in the district court on a policy of fire insurance issued by them jointly, the judgment being in favor of the Securities Corporation, a Colorado corporation, defendant in error, as assignee of the insured. We are asked to reverse the judgment.

On August 5, 1932, the Kearns Motor Company, a Colorado corporation, took out the policy in question, which insured its garage and other real and personal property at Wray, Colorado, against fire.

A loss occurred on October 23, 1932. On December 28, 1932, the Kearns company assigned its claim for that loss to the Securities Corporation, which thereafter brought an action to recover on the policy.

The insurance companies defended on the ground that the policy had been canceled eleven days before the fire. The plaintiff denied the cancellation.

There is considerable confusion in the evidence. The policy in question was issued in lieu of previous policies. In making the change, there was a readjustment of the premium payments. Moreover, certain dividend credits were involved, and also a reduction of the premium rate. A business concern calling itself the Premium Finance Company financed the new policy. Its office and the office of at least one of the insurance companies were in the same building. The concern's sole owner was also a director in the three insurance companies. Close relations evidently existed between them, and the record does not exclude a reasonable inference that some of the evidence as to cancellation is erroneous in respect to facts, dates, and figures. In effecting the alleged cancellation and reducing the transactions to a short-rate basis of premium, there was an apparent waiting period and the actual payment of a premium refund of nearly $500 by the insurance companies to the finance

concern was not made until November, 1932, and at least two weeks after the companies had been notified of the fire. In fact, the documents in evidence disclose one notation stating the date of cancellation as November 12, 1932; some office memoranda of the insurance companies and of the finance concern gave the date of October 6; another exhibit mentioned October 7. The documentary exhibits display these and a number of other material inconsistencies and contradictions. In several respects there appears a distinct looseness of method and procedure. Viewed as a whole, the case brought here by the record might well convince one, as it obviously did the trial court, that the evidence preponderated in favor of the plaintiff. Undoubtedly the evidence presents a serious and substantial conflict. That being so, we are not allowed to substitute our own conclusions on the facts for those of the lower court. It is unnecessary to discuss the evidence in more detail, since what has been said will indicate that the trial court had a sufficient basis on which to make proper findings of fact.

Judgment affirmed.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE HOLLAND concur.